UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| JUAN HERNANDEZ, et al.,<br><br>    Plaintiffs,<br><br>    v.<br><br>CITY OF SAN JOSE, et al.,<br>    Defendants. | Case No. 16-CV-03957-LHK<br><br>**ORDER AUTHORIZING SERVICE BY PUBLICATION**<br><br>Re: Dkt. No. 33 |

Plaintiffs Juan Hernandez, Nathan Velasquez, Frank Velasquez, Rachel Casey, Mark Doering, Mary Doering, Barbara Arigoni, Dustin Haines-Scrodin, Andrew Zambetti, Christina Wong, Craig Parsons, the minor I.P., Greg Hyver, and Todd Broome (collectively, "Plaintiffs") bring this putative class action against Defendants the City of San Jose ("City"); Sam Liccardo, the Mayor of San Jose, in his individual capacity ("Liccardo"); Edgardo Garcia, the Police Chief of San Jose ("Garcia") (collectively, "named City Defendants"); Does 1–15; Anthony Yi; the minor H.A.; the minor S.M.; and Does 16–38. ECF No. 1 (Compl.). Before the Court is Plaintiff's "*Ex Parte* Application for Order for Publication of Summons." ECF No. 33 ("Mot."). Plaintiffs allege that despite reasonable diligence, Plaintiffs have been unable to personally serve Defendant Anthony Yi. Mot. at 2–4. Therefore, Defendants request leave to serve Anthony Yi by publication

1

in the *San Jose Mercury News* Newspaper. *Id.* For the reasons discussed below, the Court GRANTS Plaintiff's motion.

## I. FACTUAL AND PROCEDURAL BACKGROUND

The complaint alleges the following facts. Plaintiffs are individuals who attended a rally for presidential candidate Donald J. Trump ("Trump") on June 2, 2016 at the McEnery Convention Center ("Convention Center") in San Jose, California. Compl. ¶¶ 38–39. At the end of the rally, as Plaintiffs were leaving the building, San Jose police and other police officers directed Plaintiffs from the east-northeast exit of the Convention Center. *Id.* ¶ 45. A police line outside the exit "directed the Trump supporters to turn north and to proceed along Market Street, into [a] crowd of violent anti-Trump protesters." *Id.* ¶ 46. "The police also actively prevented the Trump Rally attendees from proceeding south along Market Street, away from the anti-Trump protesters, or from leaving the convention center through alternative exits." *Id.* ¶ 47. When Plaintiffs reached the anti-Trump protesters, the protesters attacked. *Id.* ¶ 48. Among other alleged acts of violence, protesters threw a bottle, eggs, and a tomato at Plaintiff Rachel Casey, *id.* ¶ 82, hit Plaintiff Andrew Zambetti with a bag of rocks, *id.* ¶ 97–100, and threatened and intimidated Plaintiffs Greg Hyver and Todd Broome, *id.* ¶¶ 138–39, 145. During these attacks, Plaintiffs allege that police officers directed Plaintiffs into dangerous areas and deliberately did not intervene when violence erupted. *Id.* ¶¶ 50–58, 64, 100, 114–15.

Plaintiffs allege that Anthony Yi stole Plaintiff Nathan Velasquez's hat as Nathan Velasquez exited the Trump Rally with his father, Frank Velasquez. *Id.* ¶¶ 65–66. After stealing the hat, Anthony Yi allegedly ran approximately 25 yards and fell down. *Id.* ¶ 67. After Anthony Yi fell, Plaintiff Nathan Velasquez helped Anthony Yi to his feet while looking at the hats that Anthony Yi was holding to see if any of them belonged to Plaintiff Nathan Velasquez. *Id.* ¶ 69. As Anthony Yi stood up, he allegedly struck Plaintiff Nathan Velasquez in the head with his fist, "causing him severe emotional trauma, including a concussion, and extreme emotional distress." *Id.* ¶ 5. Immediately afterward, Anthony Yi and other protesters allegedly made verbal threats and threatening hand gestures to Plaintiff Nathan Velasquez. *Id.* ¶ 73.

Plaintiffs assert several claims against Anthony Yi: assault, *id.* ¶¶ 245–51, battery, *id.* ¶¶ 252–58, violation of California Civil Code § 51.7, *id.* ¶¶ 259–63, intentional infliction of emotional distress, *id.* ¶¶ 264–68, and negligent infliction of emotional distress, *id.* ¶¶ 269–73. On October 13, 2016, the Court granted in part and denied in part a motion to dismiss filed by Plaintiffs the City of San Jose, San Jose Mayor Sam Liccardo, and San Jose Police Chief Edgardo Garcia. ECF No. 30. This order did not address any claims against Anthony Yi.

## II.   DISCUSSION

Service of a complaint in federal court is governed by Federal Rule of Civil Procedure ("Rule") 4. Rule 4(e)(1) allows for service "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made."

California Code of Civil Procedure § 415.50 provides that "[a] summons may be served by publication if upon affidavit it appears to the satisfaction of the court in which the action is pending that the party to be served cannot with reasonable diligence be served in another manner specified in this article and that," as relevant here, "[a] cause of action exists against the party." Thus, if the requirements of § 415.50 are met in this case, Plaintiffs may use the method of service described by § 415.50 under Rule 4(e)(1).

The second requirement, that "[a] cause of action exists against the party," Cal. Civ. Pro. Code § 415.50, is clearly met. Plaintiffs have alleged that Anthony Yi struck Plaintiff Nathan Velasquez in the head. Anthony Yi is a named Defendant in the case, and Plaintiffs have asserted five causes of action against Anthony Yi. Thus, a cause of action exists against Anthony Yi.

Plaintiffs have also met the first requirement of reasonable diligence. The affidavits accompanying Plaintiffs' motion demonstrate that plaintiffs have used reasonable diligence in attempting to serve Anthony Yi. Plaintiffs have hired two professional process servers, requested information from the Santa Clara County Probation Department, searched social media platforms, and sought to verify Anthony Yi's address using the Santa Clara County voter registration portal. *See* Decl. of Gregory R. Michael, ECF No. 33-2 (describing attorney's attempts to locate Anthony

1   Yi). One process server made four attempts to serve Anthony Yi at two different addresses

2   without success. Affidavit of Process Server Kris W. Vorsatz, ECF No. 33-5.

3         California courts have found that similar attempts to locate a defendant are sufficient to

4   demonstrate "reasonable diligence" under § 415.50. For example, in *Giorgio v. Synergy Mgmt.*

5   *Grp., LLC*, 231 Cal. App. 4th 241, 248 (2014), the plaintiff had attempted to locate and serve the

6   defendant through online searches, hiring two process servers, and attempting to send mail to

7   defendant's only known address. The California Court of Appeal found that these efforts provided

8   "substantial evidence" that the defendant "could not with reasonable diligence be served

9   personally or by mail." *Id.*

10        In this case, the affidavits show that Plaintiffs have made a "thorough but unsuccessful

11  search for the defendant." Judicial Council Comment to Cal. Civ. Pro. Code § 415.50. This is

12  enough to meet the requirements of § 415.50.

13        Plaintiffs have met the requirements of § 415.50 and are therefore entitled to effectuate

14  service by publication "in a named newspaper, published in this state, that is most likely to give

15  actual notice to the party to be served." Cal. Civ. Pro. Code. § 4150.50(b). Both of the addresses

16  that Plaintiffs had obtained for Anthony Yi were in San Jose. ECF No. 33-5. Therefore, the

17  newspaper that is most likely to give actual notice to Anthony Yi is a newspaper in San Jose. At

18  least one court has approved the *San Jose Mercury News* as a newspaper in which publication is

19  proper, *see Marinache v. Stern*, 2015 WL 4537952, at *2 (N.D. Cal. July 27, 2015) (approving

20  publication in the *San Jose Mercury News*), and the Superior Court of the County of Santa Clara's

21  website lists the *San Jose Mercury News* as a newspaper of general publication,

22  http://www.scscourt.org/forms_and_filing/forms/PB-4000.pdf. Thus, the Court finds that the *San*

23  *Jose Mercury News* is a proper newspaper for publication of service.

24  **III.   CONCLUSION**

25        For the foregoing reasons, Plaintiffs' motion for service by publication is GRANTED.

26  Publication shall be made in the *San Jose Mercury News* once a week for four weeks. Plaintiffs

27  have six weeks from the date of this order to complete service by publication. If Anthony Yi's

4

Case No. 16-CV-03957-LHK
ORDER AUTHORIZING SERVICE BY PUBLICATION

address is ascertained prior to the expiration of the time prescribed for publication of the summons, a copy of the summons and complaint and of the order for publication shall immediately be served on Anthony Yi. This order does not preclude service upon Anthony Yi in any other manner specified in the California Code of Civil Procedure § 415.10 through § 415.30.

**IT IS SO ORDERED.**

Dated: November 7, 2016

_____
LUCY H. KOH
United States District Judge