HARMEET K. DHILLON (SBN: 207873)
harmeet@dhillonlaw.com
KRISTA L. BAUGHMAN (SBN: 264600)
kbaughman@dhillonlaw.com
GREGORY R. MICHAEL (SBN: 306814)
gmichael@dhillonlaw.com
DHILLON LAW GROUP INC.
177 Post Street, Suite 700
San Francisco, California 94108
Telephone: (415) 433-1700
Facsimile: (415) 520-6593

Attorneys for Plaintiffs and
the Proposed Class

RICHARD DOYLE, City Attorney (88625)
NORA FRIMANN, Assistant City Attorney (93249)
ARDELL JOHNSON, Chief Deputy City Attorney (95340)
MATTHEW PRITCHARD, Deputy City Attorney (284118)
Office of the City Attorney
200 East Santa Clara Street, 16th Floor
San José, California  95113-1905
Telephone Number: (408) 535-1900
Facsimile Number:  (408) 998-3131
E-Mail Address:  cao.main@sanjoseca.gov

Attorneys for Defendants

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN JOSE DIVISION

| | |
|---|---|
| JUAN HERNANDEZ, et al., | Case Number: 5:16-cv-03957-LHK |
| Plaintiffs, | Honorable Lucy H. Koh |
| v. | **JOINT CASE MANAGEMENT STATEMENT** |
| CITY OF SAN JOSE, et al., | |
| Defendants. | Date:        September 18, 2019<br>Time:        2:00 p.m.<br>Courtroom:  8, 4th Floor |



Joint Case Management Statement                                    Case No. 5:16-cv-03957-LHK

Pursuant to the Clerk's Notice (Dkt. #132) and the Standing Order re Contents of Joint Case Management Statement, Plaintiffs Juan Hernandez, Nathan Velasquez, Frank Velasquez, Rachel Casey, Mark Doering, Mary Doering, Barbara Arigoni, Dustin Haines-Scrodin, Andrew Zambetti, Christina Wong, Craig Parsons, I.P., a minor, Greg Hyver, Todd Broome, Martin Mercado, Christopher Holland, Theodore Jones, Donovan Rost, Michele Wilson, and Cole Cassady (collectively "Plaintiffs"), and Defendants City of San Jose, Loyd Kinsworthy, Lisa Gannon, Kevin Abruzzini, Paul Messier, Paul Spagnoli, Johnson Fong, and Jason Ta (collectively, "Defendants"; Plaintiffs and Defendants hereinafter the "Parties"), by and through their respective counsel of record, submit this Joint Case Management Statement:

1.   **Jurisdiction and Service:**   This action was filed on July 14, 2016, based on federal question jurisdiction under 28 U.S.C. §§ 1331, 1343, in relation to the alleged deprivation of the class' constitutional rights under 42 U.S.C. § 1983, and based on supplemental jurisdiction pursuant to 28 U.S.C. § 1367 over the related state claims. Defendants have been served or have waived service and have appeared.

2.   **Facts:**

*Plaintiffs' Statement*:  Plaintiffs are named representatives of a putative class (the "Class") of attendees of the Donald J. Trump presidential campaign rally ("Trump Rally") held on June 2, 2016, in San Jose, California (the "Class Action Plaintiffs"). Plaintiffs and the putative Class members suffered deprivation of their due process rights when, following their exit from the Trump Rally, Defendants and/or their agents directed Plaintiffs into a dangerous and angry mob of approximately four hundred anti-Trump protesters outside the Trump Rally, and restricted Plaintiffs' ability to exit safely, in alternative directions, away from the violent mob. Defendants – many of whom were wearing riot gear – were fully aware of the already-volatile situation involving hundreds of protesters, and knowingly created a dangerous situation for Plaintiffs. In addition, Defendants directed the approximately 250 San Jose police officers, or other local officers subject to Defendants' control, not to intervene as they witnessed the many violent criminal acts perpetrated by dozens of anti-Trump protesters on Plaintiffs and other Class members.

As a result of Defendants' conduct, Plaintiffs were subjected to the violent acts of the anti-

1   Trump protesters, including but not limited to the acts taken by H.A, S.M., Anthony Yi, Daniel

2   Arciga, Rafael Medina, and Anthony McBride, which are described in detail in the First Amended

3   Complaint (Dkt. #35). Plaintiffs suffered various indignities and injuries, including being struck in the

4   head, suffering a broken nose or concussion, being spat upon, being chased and tackled, and/or being

5   repeatedly hit in the face by protesters.

6       *Defendants' Statement*: Defendants are the City of San Jose and police officers with the San

7   Jose Police Department.  No Defendant deliberately ordered Plaintiffs into a dangerous crowd or

8   ordered police officers not to intervene in subsequent attacks with indifference to Plaintiffs' safety.

9   Moreover, any decision that City of San Jose police officers made concerning crowd control at the

10  Trump Rally was a discretionary law-enforcement act and thus could not form the basis for tort

11  liability under California law.

12      3.    **Legal Issues:**  At this time, the Parties dispute the following principal points of law:

13      a.    Whether Defendants Kinsworthy, Gannon, Abruzzini, Messier, Spagnoli, Fong, and Ta

14  have liability to Plaintiffs for violation of Plaintiffs' Fourteenth Amendment rights under 42 U.S.C.

15  §1983, for those officers' alleged actions during and after the Trump Rally after allegedly realizing

16  that the crowd-control was placing Plaintiffs in danger;

17      b.    Whether the City of San Jose has liability to Plaintiffs, pursuant to the *Monell* doctrine,

18  for violation of Plaintiffs' Fourteenth Amendment rights under 42 U.S.C. §1983, based on City of San

19  Jose Police Chief Edgardo Garcia's alleged ratification of the actions of officers after the Trump

20  Rally;

21      c.    Whether the City of San Jose has liability to Plaintiffs for negligence, based on the

22  alleged actions of Defendants Kinsworthy, Gannon, Abruzzini, Messier, Spagnoli, Fong, and Ta,

23  DOES 1-15, and other unnamed police officers, and relatedly, whether Plaintiffs' negligence claims

24  are barred by California Government Code section 820.2.

25      4.    **Motions:**      Plaintiffs filed a motion for class certification on May 30, 2019,

26  originally schedule to be heard by the Court on August 22, 2019. Dkts. #107, 125-26. Defendants

27  oppose the motion. Dkt. #135. Pursuant to the Court Clerk's August 19, 2019 notice, Plaintiffs' class

28  certification motion is to be determined on the papers without oral argument. Dkt. #141.



Joint Case Management Statement                                   Case No. 5:16-cv-03957-LHK

1      Plaintiffs state that they intend to request or, if Defendants agree, stipulate to allow Plaintiff

2  Christopher Holland to pursue his claims on an individual basis only, and to withdraw his request to

3  serve as a representative of the putative class and subclass. The reason for this request/stipulation is

4  the current incarceration of Plaintiff Holland, and the attendant difficulties in communicating with

5  class counsel.

6      Defendants anticipate difficulties in obtaining further discovery from Plaintiff Holland given

7  his incarceration. Defendants may consequently request or seek a stipulation effecting dismissal of

8  Holland's claims against Defendants without prejudice to his refiling that claim upon release.

9  Plaintiffs state that Plaintiff Holland has timely responded to Defendants' discovery requests, despite

10  his incarceration, and there is no current discovery dispute as to Holland. Any perceived, anticipated

11  "difficulties" in obtaining discovery from Holland does not justify dismissing Holland's claims, which

12  include claims to enforce his constitutional rights.

13      The Parties also anticipate possible discovery motions and/or motions for summary judgment,

14  as necessary and warranted.

15      5.   **Amendment of Pleadings:**   At this time, Plaintiffs do not intend to seek leave to file

16  an amended complaint, but they reserve the right to do so in the future, including to assert claims

17  against Police Chief Edgardo Garcia and Lt. Jason Herr, if warranted by facts uncovered through

18  discovery. Defendants state that the Court's past order dismissing Edgardo Garcia with prejudice

19  would preclude Plaintiffs from amending their complaint to add him as a defendant in the future.

20  Plaintiffs state that it is a "well-established rule that a district judge always has power to modify or to

21  overturn an interlocutory order or decision while it remains interlocutory." *See, e.g.*, *Tanner Motor*

22  *Livery, Ltd. v. Avic, Inc.*, 316 F.2d 804, 809 (9th Cir. 1963); Fed. R. Civ. P. 54(b) (courts may modify

23  an interlocutory order "at any time" before entry of a final judgment).

24      6.   **Evidence Preservation:**   The Parties have reviewed the Guidelines Relating to the

25  Discovery of Electronically Store Information ("ESI Guidelines"), and confirm that they have met and

26  conferred pursuant to Fed. R. Civ. P. 26(f) regarding reasonable and proportionate steps taken to

27  preserve evidence relevant to the issues reasonably evident in this action. The Parties have further

28  conferred concerning a date range for ESI to be preserved, and at this time, have agreed to the date

4



range of May 1, 2016 through present, though the Parties expressly reserve the right to request a larger date range, as necessary as the case progresses.

Concerning custodians for relevant ESI: Plaintiffs state that they are each individuals, and therefore act as their own respective custodians for relevant ESI.

Concerning a description of systems where potential discoverable information is stored: Plaintiffs state that they are each individuals, and systems where potential discoverable information is stored includes, *inter alia,* content stored on Plaintiffs' respective smart phones, computers, and hard files.

Defendants are unaware of any ESI that is likely subject to disclosure outside what Defendants have already disclosed. In the event that Defendants become aware of any type of discoverable ESI, Defendants will provide Plaintiffs and the Court with information about the ESI's custodian(s) and any systems of storage.

7.   **Disclosures:**   Plaintiffs state that they served their initial disclosures on October 26, 2016. Defendants served their initial disclosures following the filing of the First Amended Complaint, on December 5, 2018.

8.   **Discovery:**   The current fact discovery deadline is set for November 22, 2019.  To date, substantial discovery has been taken, including several party depositions. The Court entered a stipulated protective order on June 21, 2019. Dkt. #130. Privilege claims shall be made at the time discovery responses are served, unless otherwise agreed by the parties.

Pursuant to the Parties' request, the Court increased the deposition limit to 20 depositions per side. Dkt. #107.

9.   **Class Actions:** Plaintiffs' motion for class certification has been fully briefed. On August 19, 2019, the Court Clerk issued a notice indicating that the Court will rule on the motion without oral argument. Dkt. #141. Counsel for the Parties has reviewed the Procedural Guidance for Class Action Settlements.

10.   **Related Cases:**   The Parties are not aware of any related civil cases.

11.   **Relief:**   The relief sought by Plaintiffs is set forth in detail in the First Amended Complaint (Dkt. #35, pp. 79-81), and includes actual, punitive and exemplary damages; preliminary



1  and permanent injunctive relief enjoining Defendants from further violations of the Class's rights;

2  civil statutory penalties; and statutory attorneys' fees and costs.

3      Defendants' position is that Plaintiffs do not have standing to seek prospective equitable relief.

4      12.  **Settlement and ADR:**   The Parties engaged in a Magistrate Judge Settlement

5  Conference before Magistrate Judge Nathanael Cousins on March 19, 2019 (Dkt. #114). The Parties

6  did not reach a resolution but are scheduled to file a written status update with Judge Cousins

7  following the Court's ruling on Plaintiffs' class certification motion. All Plaintiffs named in the FAC

8  have filed ADR certifications (Dkts. #12, 56).

9      13.  **Consent to Magistrate Judge for All Purposes:**   Plaintiffs do not consent to have a

10  magistrate judge conduct all further proceedings, including trial and entry of judgment.

11      14.  **Other References:**   At this time, the Parties do not believe this case is suitable for

12  reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

13      15.  **Narrowing of Issues:**  The Parties have not agreed to the narrowing of any issues at

14  this time.

15      16.  **Expedited Trial Procedure:**   The Parties do not agree to expedited trial procedure.

16      17.  **Scheduling:**   The Court's original scheduling order (Dkt. #77) was stayed pending

17  Defendants' qualified immunity appeal (Dkt.# 96), and was subsequently modified by the Court in its

18  December 5, 2018 Case Management Order (Dkt. #107).

19      18.  **Trial:**   The Court has scheduled this matter for an 8-day jury trial beginning on June

20  19, 2020 at 9:00am. Dkt. #107. Plaintiffs request that this date be continued, as set forth above.

21      19.  **Disclosure of Non-party Interested Entities or Persons:**  All Plaintiffs originally

22  named in the Complaint filed their Certification of Interested Entities or Persons on August 1, 2016.

23  (Dkt. #5). Plaintiffs Mercado, Holland, Jones, Rost, Wilson, and Cassady filed certifications on

24  January 11, 2017. (Dkt. #55). Defendants consist of a governmental entity and its agents sued in their

25  capacity as such. Pursuant to Local Civil Rule 3-15, Defendants are accordingly not required to file

26  Certification of Interested Entities or Persons.

27      20.  **Professional Conduct:** The attorneys of record for the Parties confirm that they have

28  reviewed the Guidelines for Professional Conduct for the Northern District of California.



Joint Case Management Statement                                      Case No. 5:16-cv-03957-LHK

20.   **Other Matters:**       None at this time.

Dated: September 10, 2019             DHILLON LAW GROUP INC.


By: /s/ Harmeet K. Dhillon
   Harmeet K. Dhillon (SBN: 207873)
   Attorney for Plaintiffs and Proposed Class

Dated: September 10, 2019             OFFICE OF THE CITY ATTORNEY, SAN JOSE


By:  /s/ Matthew Pritchard
   Ardell Johnson (SBN: 95340)
   Matthew Pritchard (SBN: 284118)
   Attorneys for the City of San Jose, Loyd
   Kinsworthy, Lisa Gannon, Kevin Abruzzini, Paul
   Messier, Paul Spagnoli, Johnson Fong, and Jason Ta

### ATTESTATION PER L.R. 5-1

I, Harmeet K. Dhillon, hereby attest, pursuant to Local Rule 5-1, that the concurrence to the filing of this document has been obtained from each signatory hereto:

Dated: September 10, 2019                   DHILLON LAW GROUP INC.


By: /s/  Harmeet K. Dhillon
   Harmeet K. Dhillon (SBN: 207873)
   Attorney for Plaintiffs and Proposed Class



Joint Case Management Statement                    Case No. 5:16-cv-03957-LHK